Henry ST. JOHN d/b/a St. John's Auto Paint & Body Shop, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Defendant.

Civ. A. No. 1857.

United States District Court
W. D. Missouri,
Southwestern Division.

Jan. 13, 1964.

Edward G. Farmer, Jr., Joplin, Mo., for plaintiff.

Seiler, Blanchard & Van Fleet, by Robert E. Seiler, Joplin, Mo., for defendant.

BECKER, District Judge.

This action for slander and for damages under the antitrust laws of the

State of Missouri was originally brought in the Circuit Court of Jasper County, Missouri. It was thereafter removed to this Court by the defendant on the alleged grounds of diversity of citizenship and the presence of the statutory amount in controversy. Count I of the petition contains the antitrust claim. Count II contains the slander claim.

Plaintiff has now filed a motion to remand admitting diversity of citizenship and the presence of the statutory amount in controversy, but denying jurisdiction of this Court on the ground that the petition on its face discloses that the action is brought under Sections 416.010 to 416.400 RSMo 1959, V.A.M.S. known as the Missouri Antitrust Laws. Plaintiff contends that under the Missouri statutes cited above, the Circuit Courts of the State of Missouri have exclusive jurisdiction of this action, that this action could not have been originally filed in the United States District Court and therefore cannot be removed to the United States District Court.

In support of his contentions plaintiff quotes Section 416.260 RSMo 1959, V.A.M.S.:

"1. The several circuit courts of this state are hereby invested with jurisdiction to prevent and restrain any person or persons, corporation, partnership, individual or association of individuals from entering into any combinations, pools, agreements in the form of trusts, confederation, conspiracy or understanding declared illegal by this chapter * * *."

He further quotes Section 416.090 RSMO 1959, V.A.M.S.:

"Any person injured in his business or property by any other person or persons by reason of anything forbidden or declared to be unlawful by sections 416.010 to 416.100, 416.240, 416.260 to 416.290 and 416.400 may sue therefor in any circuit court of this state in which the defendant or defendants, or any of them, reside, or have any officer,

agent or representative, or in which any such defendant or any agent, officer or representative may be found, without regard to the amount in controversy, and shall recover threefold the damages by him sustained, and the costs of the suit, including a reasonable attorney's fee."

Assuming (without deciding) that the General Assembly of Missouri attempted in Section 416.260 to give the state courts exclusive jurisdiction of actions under the state antitrust statutes, plaintiff's contentions cannot be sustained. The general principle is that a state cannot limit federal jurisdiction. 1A Moore, Federal Practice ¶ 0.157[2], pp. 79–84; 1 Barron and Holtzoff, Federal Practice and Procedure, § 101, p. 455, l. c. 456.

In Railway Co. v. Whitton's Admr., 80 U.S. (13 Wall.) 270, 20 L.Ed. 571, the Supreme Court of the United States had before it an action originally brought in a Wisconsin state court under that state's wrongful death act. Removal was objected to on the ground that the Wisconsin statute creating the liability provided the action should be brought in a court created by the laws of Wisconsin. The Supreme Court said, 20 L.Ed. at 576:

"In all cases where a general right is thus conferred, it can be enforced in any Federal Court within the state having jurisdiction of the parties. It cannot be withdrawn from the cognizance of such Federal court by any provision of state legislation that it shall only be enforced in a state court. The Statutes of nearly every state provide for the institution of numerous suits, such as for partition, foreclosure, and the recovery of real property in particular courts and in the counties where the land is situated, yet it never has been pretended that limitations of this character could affect, in any respect, the jurisdiction of the Federal court over such suits where the citizenship of one of the parties was otherwise sufficient. Whenever a general rule as to property or per-

sonal rights, or injuries to either, is established by state legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to state limitation."

It is clear that plaintiff's contentions apply only to Count I; and that both Counts I and II are removable. It is therefore

Ordered that plaintiff's motion to remand this cause to the Circuit Court of Jasper County, Missouri, be, and the same is hereby, overruled.